CAPAC STATE SAVINGS BANK v. McKNIGHT

1. MORTGAGES — ASSIGNMENTS — MORTGAGEE'S RIGHT — DEFICIENCY
   JUDGMENT.
     The mortgagee's right to a deficiency judgment against the
     mortgagor's grantee is dependent upon the mortgagor's right
     to the same remedy against the grantee.

2. MORTGAGES—ASSIGNMENTS—MORTGAGEE'S RIGHTS.
     A mortgagee bank had no right to a deficiency judgment against
     the mortgagor's assignees where the sale between the mortgagor
     and the assignees had been rescinded because of fraud.

Appeal from Lapeer, James P. Churchill, J.  Submitted Division 2 June 14, 1971, at Detroit.  (Docket No. 9591.)  Decided June 22, 1971.

Complaint by Capac State Savings Bank against William F. McKnight, Katherine McKnight, Henry G. Morykwas, and Betty J. Morykwas for foreclosure of a mortgage.  Judgment for plaintiff.  Defendants Morykwas appeal.  Reversed.

*Touma, Watson & Andresen,* for plaintiff.

*Kembel, Levin & Lewis,* for defendants Morykwas.

Before: T. M. BURNS, P. J., and HOLBROOK and McGREGOR, JJ.

---

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 55 Am Jur 2d, Mortgages §§ 1397–1404.

T. M. BURNS, P. J.    Defendants William F. Mc-
Knight and Katherine McKnight executed a $35,000
mortgage and note to the plaintiff, Capac State Sav-
ings Bank.    During the course of the mortgage, the
McKnights sold the mortgaged premises to defend-
ants Henry G. Morykwas and Betty J. Morykwas.

The warranty deed accepted by defendants Moryk-
was provided that the purchasers were to assume
the balance due on the mortgage.

Subsequently, the Morykwases sued the Mc-
Knights for rescission contending that the sale of
the property was based upon fraud in the induce-
ment.    After a lengthy trial, the court found that
there had been fraud in the inception and rescinded
the sale.

Plaintiff bank then brought this action for fore-
closure on the mortgage.    The defendants Morykwas
contended that they were no longer liable on the
mortgage because the contract between them and
the McKnights had been rescinded.    The trial court,
which was the same court that had previously
granted the Morykwases the rescission, held, how-
ever, that since the bank had not been a party to
the previous lawsuit, its rights as a third party
beneficiary to the land sale contract could not be
altered by an action between the vendee and vendor.
The defendants Morykwas then brought this appeal
as of right.

None of the parties contended below, nor do they
contend here, that the previous judgment for rescis-
sion had been improperly given.    The trial judge,
who presided over both lawsuits, took judicial notice
of the findings and judgment in the previous action
and considered its judgment to be a valid operative
judgment between the parties.    Therefore, the only
question facing this Court is whether a purchaser of
land who, as part of the contract of purchase, as-

sumes the mortgage, may still be held liable on the mortgage after the contract of purchase has been rescinded.

"The right of a mortgagee to a deficiency decree against a party to whom the mortgagor has conveyed the land that was mortgaged and who, in his deed therefore, has agreed to assume and pay the mortgage is well established in this State. *Anderson* v. *Thompson* (1923), 225 Mich 155. * * * There is, however, no privity of contract between the mortgagee and the grantee, and the right of the former to such a decree is dependent upon the liability of the latter to the mortgagor in his undertaking to assume and pay the mortgage." *Frank* v. *Applebaum* (1935), 270 Mich 402, 406.

The mortgagee's right to a deficiency judgment against the mortgagor's grantee is dependent upon the mortgagor's right to the same remedy against the grantee.

In a note in 21 ALR 488, it is said:

"The holder of a mortgage can avail himself of no right, on an assumption of the mortgage, beyond what the mortgagor would have against his grantee; and if the mortgagor cannot enforce against the grantee a contract for the assumption of the mortgage debt, the mortgagee is likewise without remedy against him."

At the time the instant lawsuit was commenced, the McKnights, as grantors, no longer had any remedy against their grantees, the Morykwases. The judgment for rescission had extinguished any right in the McKnights to compel the Morykwases to pay the mortgage debt. It therefore follows, under the authorities cited above, that since the McKnights, as mortgagors, could not enforce the contract against the Morykwases, neither can the

mortgagee bank. The trial court was, therefore, in error when it rendered the foreclosure judgment against the defendants Morykwas.

The judgment of the lower court is reversed, and it is ordered that those portions of the judgment below holding the defendants Morykwas liable to the plaintiff bank for contribution on the mortgage be dissolved.

All concurred.